The second case for argument is Sophia Wilansky v. Morton County et al. Ms. Dugan. Good morning, Your Honors. May it please the Court, Mary Ann Dugan for the plaintiff appellant Sophia Wilansky. If possible, I'd like to reserve three minutes for rebuttal. This related appeal involves the hefty cost bill judgment of about $38,000 that was entered against Ms. Wilansky in the matter that was just argued by Mr. Stoll. And of course, if you reverse and amend all the merits, the cost bill judgment should be vacated and you have a related appeal. But if not, the cost bill should be reversed, the cost bill judgment entirely or in part for the various reasons set forth in our briefs. Unless the Court has a preference, I would like to begin with the issue of the forensic examination costs that were awarded in this case. I have to note that we don't consider appeals of $77 cost assessments. Understood. This is a $38,000 judgment? I'm looking at all the arguments. Correct. We're supposed to separate out $77 and then we've got $240 for quarter-to-quarter overtime. We just don't do that. Understood, Your Honors. I would suggest you focus on the overall. Okay. Well, the forensics alone was over $15,000, if I may address that first.  The cost for forensic examination of the law enforcement phones was over $15,000. Although this circuit has not addressed the specific issue of electronically stored information expenses incurred in discovery, many districts within this circuit have looked to the third circuit case, race tires, which is addressed in our brief at page 16. Has any court that you're aware of rejected the race tires analysis? Not that I know of, Your Honor. And as the race tires court said, nothing suggests that Congress intended to shift all expenses of production of electronically stored information to the losing party. The Federal courts lack the authority to do so under the cost statute. And as the Morton County defendants themselves note in their brief at page 9, the lower court ordered defendant to pay those costs. And that should not be changed at the judgment phase. The law enforcement phones had already been imaged and then the defendant chose to do a forensic exam, examination, in response to plaintiff's discovery request. That's in the Morton County brief at page 8. The fact that defendants were under a duty to preserve that data and then produce it to plaintiffs and then ordered to pay those costs themselves by the court does not mean that they get to shift that burden back to the plaintiffs at the judgment stage. The relevant statute is 28 U.S.C. 1920, subsection 4, which only allows taxation for exemplification and copying of materials necessarily obtained for use in the case. The race tires case and the three District of Minnesota opinions cited in their brief under pages 16 to 18 make clear that this is basically gathering of information to produce to the plaintiffs and is not taxable. If you could check my math, if we agree that race tires apply, how much, and we affirm on the other issues, what are you asking for for a reduction on those ESI costs only? It's addressed on pages 15 to 16 of our brief, and it's a little over $15,000, $15,258.50. Is that the entire amount that was related to the ESI? No. There was almost 30, a little over 30,000. The trial court rejected some smaller items but awarded more than half of the amount that was sought for forensics. I'll go back and look at that. Okay. The other major issue, and Judge Lincoln, I entirely agree, I would not be appealing anything that's tiny, but since we were appealing, we noticed that these other issues were also improperly awarded, these other items. There were excessive deposition costs awarded under 1920, Section 1920, subsection 2, which only allows for printed or electronically recorded transcripts necessarily obtained for use in the case. In our brief at page 7 to 10, and then again page 14 to 15, we cite three key Eighth Circuit cases, Coppinger, McDowell, Tyson, and Little Rock, four cases, excuse me. First of all, the burden is on the defendant to show that these were necessarily obtained for use in the case. Well, one interpretation of that could be, at the time I got these transcripts, I thought they would be necessarily used in the case. But that's not what the relevant Eighth Circuit cases say. The, for example, Little Rock case, which we cite later in the brief at 14 to 15, taxed only the cost of actually trying the case in the courtroom, did not allow discovery copying costs, transcript copy costs. The McDowell case denied transcript costs for preparation of transcripts, for copies of transcripts, for preparing findings of fact where those findings of fact did not rely at all on the depositions. Similarly, the Tyson test indicates that you don't get to just, once you win, get all of your deposition costs, only those that were necessarily used in obtaining the result in the case. The total on this... It seems to me you frustrated that by changing the case. Well, Your Honor... It's at the time, is it necessary? Does it appear to be necessary, right? I mean, you didn't change, I didn't say you, but your client changed the case after the discovery, and now all of a sudden, well, you don't, that means you don't get the  cost that we forced you to incur, not forced, but you incurred because of the way we pled the case initially. Well, there's two issues. One is, you know, this is quite common, I've seen some parties always order all transcripts immediately. Other parties choose to be a little more frugal and hold on and see if they're going to need those transcripts. And McDowell says transcripts are made for the convenience... District courts figure that out and exercise their discretion, and that's the end of it. Correct. And here, it's not an abuse of discretion, it's a misapplication of the relevant case law to allow all of the transcript costs, which is... I disagree with that. Okay. The total is over $21,000. It's a very significant amount of money, and the convenience of the parties is not a reason for awarding costs of transcript copies. I see I'm eating into my rebuttal time, and I will... Let me ask you, hypothetically, if we were to reverse in part on the merits, does the entire cost award have to be vacated and sent back, or did the district court break it down based on any decipherable means for us? I suspect we have to vacate the cost award. I believe so. It just goes back to zero, and then if they win again, then we... Well, if we reverse in part, they would have won in part. I understand. Yeah, I don't think there would be a rational way to distinguish which costs were for which issues, at least from my view of it. Thank you. Thank you. Mr. Ganahl. May it please the court. Justices, counsel. My name is Sean Grenalds. I'm here representing the defendant appellees, Morton County, Morton County Sheriff Kyle Kirkmeier, and Morton County Deputy Jonathan Moll. So Plaintiff's Counsel has raised two categories of costs that they claim were inappropriately taxed by the district court. These are the electronically stored information costs to forensically preserve and to process. It was 52 police officers' cell phones. And I'll come back to this. The second category are the video and transcript costs for the depositions in this case. So starting with the electronically stored information on these cell phones. Before the lawsuit was even started, Plaintiff's Counsel made a preservation of evidence demand, making broad requests that everything be preserved, including cell phones from the officers. As the court may be aware from our last argument, the DAPL protests spanned months and involved law enforcement officers not only from North Dakota but from surrounding states. There was a request for assistance issued by the governor, and so there were a lot of officers involved. So in response to that preservation request, the county hired a forensic expert, Scott Stillman, who came to Morton County and assisted with imaging of those cell phones to preserve the information. Later when the lawsuit was commenced, broad discovery requests were made by the plaintiff asking for, again, electronically stored information pertaining to the DAPL protests and Tawanski. And so in order to produce that, the county then engaged a forensic expert out of South Dakota, Computer Forensic Resources, because Scott Stillman was no longer performing that type of work. We are familiar with the facts. Okay. And so getting to the point, as far as the electronically stored information is concerned, the district court concluded they were properly taxed as copy and exemplification costs under Section 1920. And the case... I'm trying to remember. I don't remember your brief off the top of my head. If we adopt the race tires case out of the Third Circuit, does that dictate a different result here? Well, I will state that the race tires does have a different analysis than some of the district courts in the Eighth Circuit have conducted, and specifically a case that the district court relied on within our district is the Jacobson Warehouse case. And in that particular case... But there are different standards, right? There are different standards, yes. And so our argument is that this Court should not adopt the Third Circuit standard for considering ESI. This Circuit has not yet addressed the issue of which ESI costs are properly taxable under Section 1920. We're asking the Court to affirm the district court's reasoning in our case as the applicable standard. And again, the district court case that the... So we're dealing with making copies is the statutory language here. Making copies and exemplification. Is exemplification in the statute? I don't remember. I believe it makes reference to... I don't have that in front of me, but... It refers to fees for the cost of making copies of any materials where the copies are necessarily obtained for use in the case. That's the language of the statute. I still haven't heard an answer to Judge Kobus' question. I don't care what analysis. I haven't studied Jacobson versus race tires. Does it require a different result if we reject your argument that the trial court's analysis was better? That doesn't fall from as a legal matter. You know, you're only halfway home when you get there. So answer the question. You must have thought about it. If we adopt the race tires analysis, what result? So even under the race tires case, Your Honor... Just answer the question. What result? So it's nuanced, because the race tires case doesn't say... The race tires case does say the district court has discretion, and it basically discussed how there's certain types of ESI there is, and some there aren't. So there would be a difference. There would be a difference, because under race tires, some costs... We'd have to vacate the costs if we adopt race tires. Well, some of the costs, because the race tires even acknowledges that there are certain ESI-related costs. Some of the order-granting costs would be vacated, right? And I guess the nuance you're suggesting would suggest a remand for the district court to recalculate under the correct, what we've determined is the correct legal standard. Is that right? I know you'd rather not end up there. No, I understand. You may not, but... No, I understand. So to the extent the court concludes that some of these ESI costs that were taxed... Can you say yes or no to that? Well, I guess it would have to be a remand if there's any portion of the cost judgment that you're reversing on. So there would be a remand as to that. But I don't think that race tires would dictate that 100 percent of the costs that were awarded by the district court... Not 100 percent. Correct. Not 100 percent. And just to be clear, the district court, the case that it did rely on, the Jacobson Warehouse, the types of costs that it said that are properly taxable are the cost to... So making copies has been construed inclusively to encompass the costs for the production of metadata, imaging drives, which is the 52 cell phones, file conversion, which is what happened here, because the original software used to save these cell phones became defunct. The data wasn't readable anymore, so CFR had to convert it with other different software to make it a readable format, scanning and load file production. Counsel, what made the keeping or the preservation of these electronic forms necessary in the case? So preservation was necessary because of the preservation demand of the evidence, and we anticipated we'd need to use this information... Preservation of the what? Of the evidence? Preservation of the electronically stored information. What required it? I thought you referenced demands in pre-litigation demands. So the issue, as far as what required it, is the risk of a spoliation finding on evidence. So if they make a preservation demand and we don't preserve the evidence, and then it comes around time for trial, they make the discovery request and we don't have it, they're going to file a motion for a spoliation finding. It's going to be a negative inference back against the county saying, well, there must have been something adverse in those cell phones. So, yes, it was necessarily... These costs were necessarily incurred for purposes of use at trial. Now, also... On the other side, it suggested that, you know, judgments made, and I'm speaking more broadly about the cost of order rather than just the ESI here, that are not ultimately used in the motion to dismiss here, the judgment are not properly awarded. What's your best case saying otherwise? I forget the case that your friend on the other side cited, but what's your case for suggesting that it's the reasonableness of the decision at the time that should control here? So the cases stand for the proposition that... I mean, talking about, like, depositions and transcripts and videos and things like that, there were decisions made to get more. And I'm looking for the best legal support that you look at that snapshot in time when those decisions are made. Are they reasonably anticipated to be necessary for the litigation? Or do we look at the district court's judgment and order here and say, look, all that stuff didn't matter in the end? Sure. So the Eighth Circuit case on that, that the Eighth Circuit determined that the awarding of costs...  It's Zotos v. Lindberg School District 121F3rd 356-363, Eighth Circuit 1997, that says the Eighth Circuit has interpreted the costs necessarily incurred for use in the case to mean, quote, reasonably seem necessary at the time they were taken, unquote. Thank you. See, I've used up my time. State's attorney will conclude. Ms. Portillo? Yes. Good morning, Your Honors. May it please the Court. My name is James Portillo. I represent State appellee Adam Dvorak. We just submit that the award should be affirmed because it was in the district court's discretion. And just replying to the points that opposing counsel made that defendants were, you know, taking unnecessary depositions or ordering unnecessary transcripts, the relevant question is whether these costs were reasonably necessary at the time they were accrued. There were three separate periods of limited discovery that the district court ordered in these cases, and these periods of limited discovery occurred over the defendants' strong opposition. It's been the position since the beginning on the behalf of the State defendants, for instance, that, you know, just glancing at the pleadings, we're entitled to qualified immunity. And we tried to raise that to the district court, and the district court disagreed and sent us into discovery. And so from our perspective, it was perfectly necessary to be, you know, ordering copies of deposition transcripts while the litigation was ongoing. And I say I'm about out of time, so if— Had they decided to preserve before the case was filed? Your Honor, those costs actually—no costs about preservation were awarded to the State defendants. That's entirely the County defendants. The State defendants was only awarded just for a couple of deposition transcripts here. Thank you very much. Just really briefly, thank you, Your Honor. The Jacobson Warehouse case doesn't address forensic examination of cell phones. Which case, though? The Jacobson Warehouse case, which counsel was relying on, district court case. You know, as for spoliation, you know, avoiding spoliation, they could have just preserved the phones, number one. Number two, they do say that they had already imaged the phones. That's Morton County brief at eight. The fact that, for some reason, technology failed them later is not the plaintiff's fault. What do you say about Zotos, though, that says it's the time where the decision's made that's relevant, not whether it was ultimately used? Zotos, that statement has been refined by the other four Eighth Circuit cases. I cited McDowell, Little Rock, that say you still have to look narrowly at the wording of the statute, 1920, which is were they necessarily obtained for use in the case. And you can't just look at, well, let's defer to counsel saying we're going to spend the taxpayers' money, you know, tens of thousands of dollars. You know, let's look at what was actually necessary for the case. Thank you, Your Honors. Thank you, counsel. The case has been thoroughly briefed, and the argument's been helpful, and we'll take it under advisement.